IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YVONNE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE No. _____ |
| ATLANTA FIVE PLUS | ) |
| HOLDINGS LLC, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW, YVONNE BROWN, by and through the undersigned counsel, and files this, her Complaint against Defendant ATLANTA FIVE PLUS HOLDINGS LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District

1

of Georgia, Atlanta Division.

## **PARTIES**

3. Plaintiff YVONNE BROWN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Douglasville, Georgia (Douglas County).

4. Plaintiff suffers from Epilepsy, Multiple Sclerosis ("MS") and has suffered multiple injuries resulting in irreversible damage to her legs, and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Defendant ATLANTA FIVE PLUS HOLDINGS LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: Rafiq Farishta, 3078 Highway 81 N, Oxford, Georgia 30054.

## FACTUAL ALLEGATIONS

9. On multiple occasions, including but not limited to March 05, 2023, Plaintiff was a customer at "Viva Mexico," a business located at 1115 Powder Springs Street, Marietta, Georgia 30064.

10. Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The contiguous, multi-tenant structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

11. Plaintiff lives approximately twenty (20) miles from the Facility and Property.

12. Plaintiff regularly travels in the near vicinity of the Facility and Property.

13. Plaintiff's access to the businesses located at 1115 Powder Springs Street, Marietta, Georgia 30064 (identified by Cobb County Property Appraiser's parcel number 17006700300), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to

remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

14. Plaintiff has visited the Facility and Property at least twice before and intends on revisiting the Facility once the Facility and Property are brought into compliance with the 2010 ADAAG standards.

15. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

16. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

17. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* (the "ADA").

18. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

19. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of

$500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

20. The Facility is a public accommodation and service establishment.

21. The Property is a public accommodation and service establishment.

22. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

23. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

24. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

25. The Facility must be, but is not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property,

and as an advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as

required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a)     EXTERIOR ELEMENTS:**

(i) The Property lacks an accessible route from the public sidewalk to the accessible entrance(s) of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(ii) One of the two accessible parking spaces on the Property most proximate to the "Viva Mexico" portion of the Facility is missing a proper identification sign, in violation of section 502.6 of the 2010 ADAAG standards.

(iii)   The two (2) accessible parking spaces on the Property most proximate to the "Viva Mexico" portion of the Facility each do not have access aisles adjacent to them, in violation of section 502.3 of the 2010 ADAAG standards.

(iv)   The two (2) accessible parking spaces on the Property most proximate to the "Viva Mexico" portion of the Facility have excessive vertical rises within their boundaries, in violation of section 502.4 of the 2010 ADAAG standards.

(v)   Neither of the of the accessible parking spaces on the Property most proximate to the "Viva Mexico" portion of the Facility is located upon the shortest accessible route to the accessible entrances of the Facility, in violation of section 208.3.1 of the 2010 ADAAG standards.

(vi)   The accessible parking space on the Property most proximate to Unit "M" of the Facility is missing a proper identification sign, in violation of section 502.6 of the 2010 ADAAG standards.

(vii)   The accessible parking space on the Property most proximate to Unit "M" of the Facility does not have an access aisle adjacent to it, in violation of section 502.3 of the 2010 ADAAG

standards.

(viii) There is an excessive vertical rise at the base of the accessible ramp on the Property most proximate to Unit "M" of the Facility, in violation of section 405.7 of the 2010 ADAAG standards, and its side flares have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(ix) The accessible parking space on the Property most proximate to the "Juci Jerk" portion of the Facility does not have signage that complies with section 502.6 of the 2010 ADAAG standards.

(x) The access aisle adjacent to the accessible parking space on the Property most proximate to the "Juci Jerk" portion of the Facility is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards. Said ramp has an excessive vertical rise at its base and a significant gap in the pavement at its landing, in violation of section 405.7 of the 2010 ADAAG standards.

(xi) The exterior of the "Viva Mexico" portion of the Facility lacks

at least 5% (five percent) of the dining surfaces provided for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

**(b)     INTERIOR ELEMENTS:**

(i)     The interior of the "Viva Mexico" portion of the Facility has a bar lacking any portion of the counter that has a maximum height of 34" (thirty-four inches) from the finished floor in violation of section 902.3 of the 2010 ADAAG standards.

(ii)    The interior of the "Viva Mexico" portion of the Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(iii)   There is inadequate clear turning space in the accessible toilet stalls in the restrooms in the "Viva Mexico" portion of the Facility, in violation of section 603.2.1 of the 2010 ADAAG standards.

(iv)    The accessible toilet stall doors in the restrooms in the "Viva

        Mexico" portion of the Facility are not self-closing and/or otherwise violate section 604.8.2.2 of the 2010 ADAAG standards.

(v)   The grab bars/handrails adjacent to the commodes in the restrooms in the "Viva Mexico" portion of the Facility are not positioned in accordance with sections 604.5 and 609.4 of the 2010 ADAAG standards[1].

(vi)   The hand operated flush controls on the commodes in the accessible toilet stalls in the restrooms in the "Viva Mexico" portion of the Facility are not located on the open side of the accessible stalls, in violation of section 604.6 of the 2010 ADAAG standards.

(vii)   The soap dispensers in the restrooms in the "Viva Mexico" portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

---

[1]There are ambulatory configuration toilet compartments in the restrooms of the "Viva Mexico" portion of the Facility that attempt to comply with section 604.8.2 of the 2010 ADAAG standards; however, there are no toilet compartments in said restrooms that are compliant with section 604.8.1 of the 2010 ADAAG standards. As a result, there is also a violation of section 213.3.1 of the 2010 ADAAG standards.

11

(viii) The mirrors in the restrooms in the "Viva Mexico" portion of the Facility exceed the maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

(ix) The height of the coat hooks located in the restroom stalls in the restrooms in the "Viva Mexico" portion of the Facility are above 48" (forty-eight inches) from the finished floor, in violation of section 308.2.1 of the 2010 ADAAG standards.

32. Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to exit and re-enter her vehicle while on the Property, more difficult and dangerous for Plaintiff to utilize the ramps servicing the property, more difficult for Plaintiff to enter and exit the Facility, and rendered the restroom in the "Viva Mexico" portion of the Facility inaccessible to Plaintiff.

33. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

34. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

35. The removal of the physical barriers, dangerous conditions and ADA

violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including

those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: April 27, 2023.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich